UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-81665-CANNON/REINHART

PROVIDENT BANK,

                Plaintiff,

v.

DONALD W. MILLER,

                Defendant.

_____/

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES [ECF No. 17]

Provident Bank moves for an award of its attorney's fees for prevailing on its Breach of Guaranty claim against Donald W. Miller ("Motion"). ECF No. 17. Mr. Miller failed to appear in this case, therefore he has not filed a response to the Motion. For the reasons stated below, it is **RECOMMENDED** that the Motion be **GRANTED.**

### PROCEDURAL BACKGROUND

Provident Bank filed a single-count complaint against Mr. Miller for Breach of Guaranty ("Complaint"). ECF No. 1. The Complaint alleges that Sovereign Holdings, LLC ("Sovereign Holdings") entered into a Promissory Note and Security Agreement with Elite Financial Group, Inc. ("Note"). ¶5. As security for the money advanced pursuant to the Note, Sovereign Holdings granted Provident Bank a mortgage on the

M/Y Legal Ease, a 2005 Adventure Motor Yacht ("Vessel").[1] ¶6. Mr. Miller executed an unlimited guaranty for the Note ("Guaranty"). ¶8. The Note and Guaranty were subsequently assigned to Provident Bank. ¶9. After Sovereign Holdings defaulted on the Note, Provident Bank took possession of the Vessel and sold it for partial satisfaction of the amount due on the Note. ¶¶10-13. Provident Bank then filed this action against Mr. Miller for Breach of Guaranty to recover the remaining amount due on the Note. ¶¶16-23.

The clerk entered a default against Mr. Miller on December 22, 2022, for failure to appear, answer, or otherwise plead to the complaint within the time required by law. ECF No. 10. After the Clerk's entry of default, the Court granted Provident Bank's Motion for Final Default Judgment. ECF No. 13. On January 31, 2023, the Court entered Final Default Judgment in favor of Provident Bank and against Mr. Miller. ECF No. 14. Provident Bank subsequently filed this Motion seeking $4,252.50 in attorney's fees for 18.9 hours of work by its counsel.

**DISCUSSION**

1. Fee Entitlement

Generally speaking, in American litigation each party in a lawsuit bears its own attorneys' fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health*

---

[1] The Complaint alleges that Mr. Miller is the sole member of Sovereign Holdings. ¶5. Unless otherwise noted, all paragraph numbers correspond to the paragraphs in the Complaint. ECF No. 1.

2

*& Hum. Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, there are statutory and contractual exceptions. Under Florida law, attorneys' fees may be awarded to the prevailing party pursuant to a contractual agreement authorizing their recovery.[2] *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004). The party seeking attorneys' fees has the burden of establishing entitlement. *See Celera Telecom Ltd. v. LDI Networks, Inc.*, No. 21-20324-CIV, 2022 WL 2341156, at *2 (S.D. Fla. May 2, 2022) (J. Goodman), *report and recommendation adopted*, 2022 WL 4448311 (S.D. Fla. Sept. 23, 2022) (J. Scola). The Court does not have discretion to decline to enforce a contractual provision awarding attorneys' fees. *Brickell Bay Club Condo. Ass'n, Inc. v. Forte*, 397 So. 2d 959, 960 (Fla. 3d DCA 1981).

"Because the right to attorney's fees must be found in a contract or statute, the specific text of the contractual or statutory provision granting the right is critical.'" *Fla. Med. Ctr., Inc. v. McCoy*, 657 So. 2d 1248, 1250 (Fla. 4th DCA 1995). Here, the Guaranty includes two provisions regarding attorneys' fees:

> The liability of the Undersigned hereunder shall be limited to a principal amount of $152,500.00. . . plus accrued interest thereon and all attorneys' fees, collection costs and enforcement expenses referable thereto.

ECF No. 1-1 at 10, ¶4.

> The Undersigned will pay or reimburse Lender for all costs and expenses (including reasonable attorneys' fees and legal expenses) incurred by

---

[2] The Guaranty is governed by Florida law. ECF No. 1-1 at 11, ¶13 ("This guaranty shall be governed by the laws of the State in which it is executed.").

> Lender in connection with the protection, defense or enforcement of this guaranty in any litigation or bankruptcy or insolvency proceeding.

*Id.* at ¶5. Provident Bank's action to recover the balance owed on the Note pursuant to the Guaranty qualifies as enforcement of the Guaranty. Notably, approximately 35% of Provident Bank's requested fees relate to its pre-suit efforts to collect the amount owed under the Guaranty, including its counsel's pre-suit communications with Mr. Miller. ECF No. 17-1 at 5-8. Because the Guaranty entitles Provident Bank to recover the fees it incurred in connection with the enforcement of the Guaranty and its collection costs and enforcement expenses, I find that Provident Bank's pre-suit collection efforts also fall within the Guaranty's attorneys' fees provisions. Therefore, Provident Bank is entitled to recover its reasonable attorney's fees.[3] *See Ocean Bank v. M/Y Andrea Del Mar*, No. 16-cv-21512, 2017 WL 7794596, at *3 (S.D. Fla. Aug. 18, 2017) (J. King) (awarding attorneys' fees and costs incurred in enforcing two guaranty agreements governed by Florida law where the guaranties contained fees provisions); *see also First Florida Bank, N.A. v. All World, Inc.*, 588 So. 2d 284, 286 (Fla. 1st DCA 1991) (holding that a guarantor is liable for prejudgment interests and costs, where the guaranty "expressly guarantee(s) payment of interest and costs, including attorney's fees").

---

[3] Provident Bank also claims entitlement to attorney's fees pursuant to the Note. ECF No. 17 at 1-2. Because the Guaranty includes an express attorneys' fees provision, the Court need not analyze whether the Note also entitles Provident Bank to fees.

2. Calculation of Attorney's Fees

Attorney's fees are properly calculated by multiplying the number of hours reasonably spent on litigation by a reasonable hourly rate.[4] *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Hous. Auth. Of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

In determining the reasonableness of the rates sought, courts consider prior hourly rates awarded to other attorneys of similar experience in the community and also the court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."); *see also Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143,144 (5th Cir. 1940)) ("The court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ."). Ultimately, courts should assess "what a reasonable, paying client would be willing to pay." *Arbor*

---

[4] Florida courts apply the federal lodestar approach to determine reasonable attorney fees. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1146 (Fla. 1985).

*Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008) (The court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively.").

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)).

"Failing to lodge specific objections is generally deemed fatal" for a party opposing a motion for attorneys' fees. *Auto-Owners Ins. Co. v. Am. Yachts, Ltd.*, No. 06-80073, 2008 WL 11412068, at *6 (S.D. Fla. Feb. 6, 2008) (J. Hopkins) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997)), *report and recommendation adopted*, 2008 WL 11412069 (S.D. Fla. Feb. 26, 2008) (J. Hurley). However, courts still have a duty to conduct an independent analysis to ensure that the attorney's fees sought are reasonable. *See Barnes*, 168 F.3d at 428 ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

3. <u>Reasonableness of Counsel's Hourly Rates and Time Spent</u>

Provident Bank seeks to recover $4,252.50 in attorney's fees for 18.9 hours of work by Attorney Adam B. Cooke at an hourly rate of $225. ECF No. 17 at 2. Mr. Cooke has been practicing law in Florida for 20 years, is Board Certified in Admiralty and Maritime Law, and is a shareholder at Fowler, White, Burnett, P.A. ECF No. 17-1 at 2. Taking into account Mr. Cooke's professional experience and applying my own experience and knowledge, I find Mr. Cooke's requested hourly rate of $225 to be reasonable because it is below the rates typically charged in West Palm Beach, Florida. *See e.g. CityPlace Retail L.L.C. v. Wells Fargo Bank, N.A.*, No. 18-CV-81689, 2021 WL 3361172, at *6 (S.D. Fla. Jan. 12, 2021) (J. Reinhart) (finding the rate of $400 per hour to be reasonable for associates with at least 10 years' experience).

In support of its requested fees, Provident Bank submitted 17 pages of billing records spanning from September 2, 2021, to January 31, 2023. ECF No. 17-1 at 5-21. Based on my review of the billing records, I find that 18.9 hours was a reasonable expenditure of time on this case. Therefore, Provident Bank is entitled to an award of attorney's fees in the amount of $4,252.50, representing 18.9 hours billed by Mr. Cooke at an hourly rate of $225.

## **REPORT AND RECOMMENDATION**

Based on the foregoing, I **RECOMMEND** that Provident Bank's Verified Motion for Attorney's Fees (ECF No. 17) be **GRANTED** in that Provident Bank be awarded attorney's fees in the amount of $4,252.50.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 4th day of April 2023.

_____

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE